ORIGINAL

FILED
NOV - 7 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

McKESSON CORPORATION

v.

THE UNITED STATES

No. 05-1180T

## COMPLAINT

McKesson Corporation (p/k/a McKesson HBOC, Inc.) ("McKesson"), brings this action for refund of excise taxes in the amount of $979,958.07 collected by the Internal Revenue Service based on a misinterpretation of the Internal Revenue Code of 1986 (the "Code"). Sections 4251 and 4252 of the Code demand that in order to be taxable long distance service, distance must be a factor in determining the charges. The Internal Revenue Service, however, collected excise taxes for long distance service for which McKesson was billed based solely on the duration of each call. Because distance was **not** a factor in determining charges, McKesson is entitled to a refund these taxes.

Plaintiff, by its attorneys, for its complaint herein, alleges as follows:

1. McKesson brings this action under §§ 6532 and 7422 of the Code (26 U.S.C. §§ 6532 and 7422) for a refund of Federal excise taxes McKesson paid to the Defendant United States of America with respect to the taxable quarters ended December 31, 1999 through December 31, 2002, and statutory interest.

## THE PARTIES

2. McKesson is a Delaware corporation whose corporate headquarters and principal place of business are located in San Francisco, California.

3. McKesson's Employer Identification Number is 94-3207296. McKesson's address is One Post Street, San Francisco, CA 94104.

4. Defendant is the United States of America.

## JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1346(a)(1) and 1491(a)(1).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1346(a)(1).

## FACTS AND LAW

7. McKesson seeks to recover Federal excise taxes in the amount of $979,958.07 with interest as provided by law.

8. McKesson paid the taxes at issue during the quarter ended December 31, 1999 through the quarter ended December 31, 2002.

9. During the quarters listed above, McKesson purchased intrastate, interstate, and international long distance telephone service from AT&T and MCI ("McKesson's Services").

10. AT&T and MCI apparently believed that the long distance telephone service they sold to McKesson constituted taxable long distance service under §§ 4251 and 4252 of the Code. Consequently, they collected Federal excise taxes from McKesson in an amount of $979,958.07, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

11. On February 27, 2003, McKesson timely filed a claim for refund with the Internal Revenue Service Center in Cincinnati, Ohio for $100,000.00 of the amount sought in this action. This is the aggregate amount of taxes paid by McKesson with respect to the taxable quarter ended December 31, 1999. This claim satisfied the requirements of §§ 6532 and 7422 of the Code.

12. On May 30, 2003, McKesson timely filed a claim for refund with the Internal Revenue Service Center in Cincinnati, Ohio for $67,500.00 of the amount sought in this action. This is the aggregate amount of taxes paid by McKesson with respect to the taxable quarter ended March 31, 2000. This claim satisfied the requirements of §§ 6532 and 7422 of the Code.

13. On August 29, 2003, McKesson timely filed a claim for refund with the Internal Revenue Service Center in Cincinnati, Ohio for $102,533.97 of the amount sought in this action. This is the aggregate amount of taxes paid by McKesson with respect to the taxable quarter ended June 30, 2000. This claim satisfies the requirements of §§ 6532 and 7422 of the Code.

14. On November 26, 2003, McKesson timely filed claims for refund with the Internal Revenue Service Center in Cincinnati, Ohio for $154,750.01 of the amount sought in this action. This is the aggregate amount of taxes paid by McKesson with respect to the taxable quarters ended September 30, 2000 through December 31, 2000. These claims satisfied the requirements of §§ 6532 and 7422 of the Code.

15. On May 30, 2004, McKesson timely filed claims for refund with the Internal Revenue Service Center in Cincinnati, Ohio for $337,767.97 of the amount sought in this action. This is the aggregate amount of taxes paid by McKesson with respect to

the taxable quarters ended March 31, 2001 through December 31, 2001. These claims satisfied the requirements of §§ 6532 and 7422 of the Code.

16. On April 26, 2005, McKesson timely filed claims for refund with the Internal Revenue Service Center in Cincinnati, Ohio for $217,386.11 of the amount sought in this action. This is the aggregate amount of taxes paid by McKesson with respect to the taxable quarters ended March 31, 2002 through December 31, 2002. These claims satisfied the requirements of §§ 6532 and 7422 of the Code.

17. Copies of the claims for refund filed with the Internal Revenue Service are attached to this Complaint as Exhibit A.

18. On November 5, 2003, the IRS issued a formal notice of disallowance apparently denying McKesson's refund claim for the taxable quarter ending June 30, 2000.

19. The Internal Revenue Service has not allowed any of these claims for refund. More than six months has passed since the filing of the refund claims.

20. Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

21. Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

22. Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance **and** elapsed transmission time of each individual communication and (B) the charge is paid within the United States." The service described in § 4252(b)(1) is referred to below as "taxable long distance service."

23. With the exception of calls made to and from Mexico, however, AT&T and MCI's charges for McKesson's Services were based solely on the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges.

24. Accordingly, the service did not constitute taxable long distance service under §§ 4251(a), 4251(b)(1)(B), and 4252(b)(1), and McKesson is entitled to a refund of all taxes paid through AT&T and MCI on such service.

25. Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS, defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone ... stations in a specified area which is outside the local telephone system area ...."

26. McKesson's Services did not constitute WATS as defined in § 4252(b)(2). In particular, the services did not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge was made based on a flat fee or elapsed transmission time.

27. Section 4252(a) provides that the term "local telephone service" includes "(1) the access to a local telephone system, and the privilege of telephonic quality communication with substantially all persons having telephone or radio telephone stations constituting a part of such local telephone system, and (2) any facility or service provided in connection with a service described in paragraph (1)."

28. McKesson's Services did not constitute local telephone service as defined in § 4252(a). In particular, the McKesson's Services are not limited in geographic reach to a single locality or metropolitan area.

29. By reason of the foregoing, McKesson has overpaid its Federal excise tax for the taxable quarters ended December 31, 1999 through December 31, 2002. Defendant has refused or failed to refund any part of the overpayment.

30. McKesson is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

WHEREFORE, McKesson prays for judgment against the United States in the sum of $979,958.07 representing overpayments in tax, interest thereon as provided by law, and such other and further relief that this Court deems equitable and proper.

Respectfully submitted,

David U. Fierst
Stein, Mitchell & Mezines
1100 Connecticut Ave., NW, Suite 1100
Washington, DC 20036
202-737-7777
Fax 202-296-8312

Henry D. Levine
Stephen J. Rosen
Levine, Blaszak, Block and Boothby, LLP
2001 L Street, NW, Suite 900
Washington, DC 20036
202-857-2550
Fax 202-223-0833

Bradley S. Waterman
Suite 1040-East Tower
1301 K Street, NW
Washington, DC 20005
202-682-1616
Fax 202-682-2232

Counsel for McKesson Corporation

Dated: November 7, 2005

Form **8849** (Rev. January 2002)

Department of the Treasury — Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Please print in ALL CAPITAL LETTERS. Leave a blank box between words.

Name of claimant: MCKESSON CORPORATION & SUBSIDIARIES

Employer identification number (EIN): 94-3207296

Address (number, street, room or suite no.): ONE POST STREET

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: SAN FRANCISCO, CA

ZIP code: 94104

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 03

~~Daytime telephone number (optional)~~: (415)983-8300

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters that were or will be made on* ***Form 720X****, Amended Quarterly Federal Excise Tax Return, or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720)****, Claims, or* ***Form 4136****, Credit for Federal Tax Paid on Fuels.*

## Schedules Attached

Check (√) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Claims on Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be combined with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] DIRECTOR OF STATE TAXES 2/21/03

Signature and title (if applicable) Date

SUSAN PENWAY

Type or print your name below signature.

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.** Form **8849** (Rev. 1-2002)

ISA
STF FED8849F

Tracking Number 1Z 6x7 895 22 1014 002 4.

**Schedule 6 (Form 8849)** (Rev. January 2002)

Department of the Treasury — Internal Revenue Service

# Other Claims

▶ Attach to Form 8849. ▶ See instructions on page 2.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1 - 9) |
|---|---|---|
| CKESSON CORPORATION & SUBSIDIARIES | 94-3207296 | $ 100,000(+INTEREST) |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 10011999 Latest date ▶ 12311999

**Claimant's registration number** for Section 4091(d) claims. ▶

| Claim | Amount of refund | CRN |
|---|---|---|
| 1 EXCISE TAX PAID ON COMMUNICATIONS SERVICES | $ 100,000(+INTEREST) | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |

Use the space below for an explanation of each claim listed.

SEE ATTACHMENT

Form **8849** (Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: McKESSON CORPORATION

Employer identification number (EIN): 943207296

Address (number, street, room or suite no.): ONE POST STREET 19TH FLOOR

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: SAN FRANCISCO CALIFORNIA

ZIP code: 94104

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 03

Daytime telephone number (optional): 4159838300

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims, or* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (√) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☒ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] Date: 5/30/03

Signature and title (if applicable)

Susan Penway -- Director, Taxation and Assistant Secretary

Type or print your name below signature.

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.** Form **8849** (Rev. 1-2003)

ISA
STF FED8849F

**Schedule 6 (Form 8849)** (Rev. January 2003)

Department of the Treasury — Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1 - 5) |
|---|---|---|
| McKesson Corporation | 94-3207296 | $ SEE ATTACHMENT |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 01/01/2000 Latest date ▶ 03/31/2000

**Claimant's registration number for Section 4091(d) claims.** ▶

| Tax | Amount of refund | CRN |
|---|---|---|
| 1 SEE ATTACHMENT | $ SEE ATTACHMENT | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1 - 5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on the return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson Corporation (the "taxpayer") claims refunds of Federal excise taxes paid under section 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period January 1, 2000 through March 31, 2000.

The claim is for taxes paid with respect to all long distance telephone service purchased from taxpayer's provider other than service to and from Mexico. The amount at issue for this quarter is approximately $67,500 plus interest. The taxpayer is computing the exact amounts involved and it will supplement the claim when it finishes.

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in Section 4252(b)(1) is referred to below as "taxable long distance service."

During the taxable period January 1, 2000 through March 31, 2000, the taxpayer purchased intrastate, interstate, and international long distance telephone service from its service provider. The taxpayer's service provider apparently believed that the long distance telephone service it sold to the taxpayer constituted taxable long distance service. Consequently, it collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, the provider's charges for the service described above were based solely on the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges. Accordingly, the service did not constitute taxable long distance service under section 4251(a), section 4251(b)(1)(B), and section 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through the provider on such service.

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge

(determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from the provider did not constitute WATS as defined in section 4252(b)(2). In particular, the service purchased by the taxpayer from the provider does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, the provider offers the taxpayer telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: M c K E S S O N ~~H B O C~~ ~~I N C.~~ CORPORATION

Employer identification number (EIN): 9 4 3 2 0 7 2 9 6

Address (number, street, room or suite no.): O N E  P O S T  S T R E E T  1 9 t h  F L O O R

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: S A N  F R A N C I S C O  C A L I F O R N I A

ZIP code: 9 4 1 0 4

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 1 2

Daytime telephone number (optional): 4 1 5 9 8 3 8 3 0 0

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] Signature and title (if applicable) — Date: 8/29/03

**Susan Penway -- Director, Taxation and Assistant Secretary**

Type or print your name below signature.

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.** Cat. No. 20027J Form **8849** (Rev. 1-2003)

**Schedule 6 (Form 8849)**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

► Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| McKesson HBOC, Inc. | 94-3207296 | $ SEE ATTACHMENT |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ► 04/01/2000 Latest date ► 06/30/2000

**Claimant's registration number** for Section 4091(d) claims. ► ____________

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | SEE ATTACHMENT | $ SEE ATTACHMENT | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHMENT

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson HBOC, Inc. (the "taxpayer") claims refunds of Federal excise taxes paid under section 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period April 1, 2000 through June 30, 2000.

This claim is for taxes paid with respect to all long distance telephone service purchased from AT&T and MCI other than service to and from Mexico. The amount at issue for this quarter is $102,553.97.

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in section 4252(b)(1) is referred to below as "taxable long distance service."

During the taxable period April 1, 2000 through June 30, 2000, the taxpayer purchased the following types of long distance telephone service from AT&T pursuant to Contract Tariff No. 11519, AT&T's interstate tariffs, and AT&T's intrastate tariffs: Software Defined Network service (interstate, international, and intrastate outbound long distance service), domestic toll free service, international toll free service, international outbound calling service, and conference service. During the same taxable period, the taxpayer purchased the following types of long distance telephone service from MCI pursuant to an MCI Special Customer arrangement, MCI Tariff FCC No. 1, and MCI's intrastate tariffs: Interstate outbound long distance service, intrastate outbound long distance service, interstate inbound (toll free) service, intrastate inbound (toll free) long distance service, international outbound long distance service, international inbound (toll free) service, and conferencing service.

AT&T and MCI apparently believed that the long distance telephone service they sold to the taxpayer constituted taxable long distance service. Consequently, they collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, AT&T and MCI's charges for the service described above were based solely on the duration of each call, *i.e.*, the "elapsed transmission time." As set forth in Section 7 of the AT&T Contract Tariff and the pricing attachment to the MCI Special Customer Arrangement. distance was **not** a factor in determining charges. Accordingly, the service did not constitute taxable long distance service under section 4251(a), section 4251(b)(1)(B), and section 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through the provider on such service.

* * * * * * *

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from the AT&T and MCI did not constitute WATS as defined in section 4252(b)(2). In particular, the service purchased by the taxpayer from AT&T and MCI does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, AT&T and MCI offer the taxpayer telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

| Field | Entry |
|---|---|
| Name of claimant | McKESSON HBOC INC. (now McKesson Corporation) |
| Employer identification number (EIN) | 943207296 |
| Address (number, street, room or suite no.) | ONE POST STREET 19th FLOOR |
| Social security number (SSN) | |
| City and state or province. If you have a foreign address, see page 2. | SAN FRANCISCO CALIFORNIA |
| ZIP code | 94104 |
| Foreign country, if applicable. Do not abbreviate. | |
| Month claimant's income tax year ends | 12 |
| Daytime telephone number (optional) | 4159838300 |

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] Signature and title (if applicable) — Date 11/26/03

**Susan Penway -- Director, Taxation and Assistant Secretary**

Type or print your name below signature.

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.** Cat. No. 20027J Form **8849** (Rev. 1-2003)

7117 7667 2273 0001 1864

**Schedule 6 (Form 8849)** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| McKesson HBOC, Inc. | 94-3207296 | $ SEE ATTACHMENT |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 07/01/2000  Latest date ▶ 09/30/2000

**Claimant's registration number** for Section 4091(d) claims. ▶

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | SEE ATTACHMENT | $ SEE ATTACHMENT | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

**SEE ATTACHMENT**

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson HBOC, Inc. (the "taxpayer") claims refunds of Federal excise taxes paid under section 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period July 1, 2000 through September 30, 2000.

This claim is for taxes paid with respect to all long distance telephone service purchased from AT&T and MCI other than service to and from Mexico. The amount at issue for this quarter is $82,542.30.

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in section 4252(b)(1) is referred to below as "taxable long distance service."

During the taxable period July 1, 2000 through September 30, 2000, the taxpayer purchased the following types of long distance telephone service from AT&T pursuant to Contract Tariff No. 11519, AT&T's interstate tariffs, and AT&T's intrastate tariffs: Software Defined Network service (interstate, international, and intrastate outbound long distance service), domestic toll free service, international toll free service, international outbound calling service, and conference service. During the same taxable period, the taxpayer purchased the following types of long distance telephone service from MCI pursuant to an MCI Special Customer arrangement, MCI Tariff FCC No. 1, and MCI's intrastate tariffs: Interstate outbound long distance service, intrastate outbound long distance service, interstate inbound (toll free) service, intrastate inbound (toll free) long distance service, international outbound long distance service, international inbound (toll free) service, and conferencing service.

AT&T and MCI apparently believed that the long distance telephone service they sold to the taxpayer constituted taxable long distance service. Consequently, they collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, AT&T and MCI's charges for the service described above were based solely on the duration of each call, *i.e.*, the "elapsed transmission time." As set forth in Section 7 of the AT&T Contract Tariff and the pricing attachment to the MCI Special Customer Arrangement, distance was **not** a factor in determining charges. Accordingly, the service did not constitute taxable long distance service under section 4251(a), section 4251(b)(1)(B), and section 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through the provider on such service.

* * * * * * *

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from the AT&T and MCI did not constitute WATS as defined in section 4252(b)(2). In particular, the service purchased by the taxpayer from AT&T and MCI does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, AT&T and MCI offer the taxpayer telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545 1420

Print clearly. Leave a blank box between words.

Name of claimant: McKESSON HBOC INC. (Now McKesson Corporation)

Employer identification number (EIN): 943207296

Address (number, street, room or suite no.): ONE POST STREET 19th FLOOR

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: SAN FRANCISCO CALIFORNIA

ZIP code: 94104

Month claimant's income tax year ends: 12

Foreign country, if applicable. Do not abbreviate.:

Daytime telephone number (optional): 4159838300

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] Date: 11/26/03

Signature and title (if applicable)

**Susan Penway -- Director, Taxation and Assistant Secretary**

Type or print your name below signature.



7117 7667 2273 0001 1864

**Schedule 6 (Form 8849)**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| McKesson HBOC, Inc. | 94-3207296 | $ SEE ATTACHMENT |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 10/01/2000 Latest date ▶ 12/31/2000

**Claimant's registration number** for Section 4091(d) claims. ▶ ____________

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | SEE ATTACHMENT | $ SEE ATTACHMENT | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

**SEE ATTACHMENT**

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* **Form 720X,** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson HBOC, Inc. (the "taxpayer") claims refunds of Federal excise taxes paid under section 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period October 1, 2000 through December 31, 2000.

This claim is for taxes paid with respect to all long distance telephone service purchased from AT&T other than service to and from Mexico. The amount at issue for this quarter is $72,207.71.

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in section 4252(b)(1) is referred to below as "taxable long distance service."

During the taxable period October 1, 2000 through December 31, 2000, the taxpayer purchased the following types of long distance telephone service from AT&T pursuant to Contract Tariff No. 11519, AT&T's interstate tariffs, and AT&T's intrastate tariffs: Software Defined Network service (interstate, international, and intrastate outbound long distance service), domestic toll free service, international toll free service, international outbound calling service, and conference service.

AT&T apparently believed that the long distance telephone service it sold to the taxpayer constituted taxable long distance service. Consequently, it collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, AT&T's charges for the service described above were based solely on the duration of each call, *i.e.*, the "elapsed transmission time." As set forth in Section 7 of the AT&T Contract Tariff, distance was **not** a factor in determining charges. Accordingly, the service did not constitute taxable long distance service under section 4251(a), section 4251(b)(1)(B), and section 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through the provider on such service.

* * * * * * *

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from the AT&T did not constitute WATS as defined in section 4252(b)(2). In particular, the service purchased by the taxpayer from AT&T does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, AT&T offers the taxpayer telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: MCKESSON HBOC INC

Employer identification number (EIN): 943207296

Address (number, street, room or suite no.): 1 POST STREET

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: SAN FRANCISCO CA

ZIP code: 94104

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 12

Daytime telephone number (optional): 4159838622

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

S Penway (signature) — Date: 5/30/04

Signature and title (if applicable) — Date

**Susan Penway – Director Taxation & Assistant Secretary**

Type or print your name below signature.

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.** Cat. No. 20027J Form **8849** (Rev. 1-2003)

Schedule 6 (Form 8849) (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| McKesson HBOC, Inc. | 94-3207296 | $ SEE ATTACHMENT |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 01/01/2001 Latest date ▶ 03/31/2001

**Claimant's registration number** for Section 4091(d) claims. ▶

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | SEE ATTACHMENT | $ SEE ATTACHMENT | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHMENT

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson HBOC, Inc. (the "taxpayer") claims refunds of Federal excise taxes paid under § 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period January 1, 2001 through March 31, 2001.

This claim is for taxes paid with respect to all long distance telephone service purchased from AT&T and MCI other than service to and from Mexico. The amount at issue for this quarter is $83,688.91.

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in § 4252(b)(1) is referred to below as "taxable long distance service."

During the taxable period January 1, 2001 through March 31, 2001, the taxpayer purchased the following types of long distance telephone service from AT&T pursuant to Contract Tariff No. 11519, AT&T's interstate tariffs, and AT&T's intrastate tariffs: Software Defined Network service (interstate, international, and intrastate outbound long distance service), domestic toll free service, international toll free service, international outbound calling service, and conference service. During the same taxable period, the taxpayer purchased the following types of long distance telephone service from MCI pursuant to an MCI Global Services Agreement, MCI Tariff FCC No. 1 and MCI's intrastate tariffs: Interstate outbound long distance service, intrastate outbound long distance service, interstate inbound (toll free) service, intrastate inbound (toll free) long distance service, international outbound long distance service, international inbound (toll free) service, and conferencing service.

AT&T and MCI apparently believed that the long distance telephone service they sold to the taxpayer constituted taxable long distance service. Consequently, they collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, AT&T and MCI's charges for the service described above were, however, based solely on the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges. On February 13, 2004, the United States District Court for the Northern District of Ohio ruled in the taxpayer's favor in a refund action that was identical in all material respects to the instant claim:

> On its face, that statute clearly requires that the charge vary in amount with both "distance and elapsed transmission time for each individual communication." As the Sixth Circuit recently noted, "'every word of a statute must be presumed to have been used for a purpose.'" Congress expressly chose to define "toll telephone service" in terms of variation in both distance and time. The Court finds that the plain language of this statute is clear and unambiguous: a charge must vary by both distance and time in order to constitute a "toll telephone service."

*OfficeMax, Inc. v. United States ("OfficeMax")*, No. 1:03CV961, 2004 U.S. Dist. LEXIS 3545, *24 (N.D. Ohio Feb. 13, 2004).

Thus, as determined by the *OfficeMax* court, the service did not constitute taxable long distance service under § 4251(a), § 4251(b)(1)(B), and § 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through AT&T and MCI on such service.

* * * * * * *

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from AT&T and MCI did not constitute WATS as defined in § 4252(b)(2). As held by the *OfficeMax* court:

> The terms of the service herein do not entitle plaintiff to "unlimited calls" within "a specified geographic area;" rather, plaintiff must pay for each and every call and may call (and receive calls from) any location where MCI provides service. Moreover, the charge at issue is not determined as a "flat amount" or "upon the basis of total elapsed transmission time." Instead, plaintiff is charged an agreed-upon rate that varies in amount depending on the duration of the individual call and the number of calls.

> Based on the above, the Court finds that the long-distance service at issue herein does not fall within the definition of "toll telephone service" set forth in § 4252(b)(2).

*OfficeMax*, 2004 U.S. Dist. LEXIS 3545 at *65.

Similarly, the service purchased by the taxpayer from AT&T and MCI does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, AT&T and MCI provide the taxpayer with telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: M C K E S S O N H B O C I N C

Employer identification number (EIN): 9 4 3 2 0 7 2 9 6

Address (number, street, room or suite no.): 1 P O S T S T R E E T

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: S A N F R A N C I S C O C A

ZIP code: 9 4 1 0 4

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 1 2

Daytime telephone number (optional): 4 1 5 9 8 3 8 6 2 2

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] 5/30/04

Signature and title (if applicable) Date

**Susan Penway -- Director Taxation & Assistant Secretary**

Type or print your name below signature.

**Schedule 6 (Form 8849)** (Rev. January 2003)

Department of the Treasury - Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1-5) |
|---|---|---|
| McKesson HBOC, Inc. | 94-3207296 | $ SEE ATTACHMENT |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 04/01/2001 Latest date ▶ 06/30/2001

**Claimant's registration number** for Section 4091(d) claims. ▶ ______

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | SEE ATTACHMENT | $ SEE ATTACHMENT | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

**SEE ATTACHMENT**

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1-5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson HBOC, Inc. (the "taxpayer") claims refunds of Federal excise taxes paid under § 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period April 1, 2001 through June 30, 2001.

This claim is for taxes paid with respect to all long distance telephone service purchased from AT&T and MCI other than service to and from Mexico. The amount at issue for this quarter is $82,414.50. ,

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in § 4252(b)(1) is referred to below as "taxable long distance service."

During the taxable period April 1, 2001 through June 30, 2001, the taxpayer purchased the following types of long distance telephone service from AT&T pursuant to Contract Tariff No. 11519, AT&T's interstate tariffs, and AT&T's intrastate tariffs: Software Defined Network service (interstate, international, and intrastate outbound long distance service), domestic toll free service, international toll free service, international outbound calling service, and conference service. During the same taxable period, the taxpayer purchased the following types of long distance telephone service from MCI pursuant to an MCI Global Services Agreement, MCI Tariff FCC No. 1 and MCI's intrastate tariffs: Interstate outbound long distance service, intrastate outbound long distance service, interstate inbound (toll free) service, intrastate inbound (toll free) long distance service, international outbound long distance service, international inbound (toll free) service, and conferencing service.

AT&T and MCI apparently believed that the long distance telephone service they sold to the taxpayer constituted taxable long distance service. Consequently, they collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, AT&T and MCI's charges for the service described above were, however, based solely on the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges. On February 13, 2004, the United States District Court for the Northern District of Ohio ruled in the taxpayer's favor in a refund action that was identical in all material respects to the instant claim:

> On its face, that statute clearly requires that the charge vary in amount with both "distance and elapsed transmission time for each individual communication." As the Sixth Circuit recently noted, "'every word of a statute must be presumed to have been used for a purpose.'" Congress expressly chose to define "toll telephone service" in terms of variation in both distance and time. The Court finds that the plain language of this statute is clear and unambiguous: a charge must vary by both distance and time in order to constitute a "toll telephone service."

*OfficeMax, Inc. v. United States ("OfficeMax")*, No. 1:03CV961, 2004 U.S. Dist. LEXIS 3545, *24 (N.D. Ohio Feb. 13, 2004).

Thus, as determined by the *OfficeMax* court, the service did not constitute taxable long distance service under § 4251(a), § 4251(b)(1)(B), and § 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through AT&T and MCI on such service.

* * * * * * *

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from AT&T and MCI did not constitute WATS as defined in § 4252(b)(2). As held by the *OfficeMax* court:

> The terms of the service herein do not entitle plaintiff to "unlimited calls" within "a specified geographic area;" rather, plaintiff must pay for each and every call and may call (and receive calls from) any location where MCI provides service. Moreover, the charge at issue is not determined as a "flat amount" or "upon the basis of total elapsed transmission time." Instead, plaintiff is charged an agreed-upon rate that varies in amount depending on the duration of the individual call and the number of calls. Based on the above, the Court finds that the long-distance service at issue

> herein does not fall within the definition of "toll telephone service" set forth in § 4252(b)(2).

*OfficeMax*, 2004 U.S. Dist. LEXIS 3545 at *65.

Similarly, the service purchased by the taxpayer from AT&T and MCI does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, AT&T and MCI provide the taxpayer with telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: MCKESSON HBOC INC

Employer identification number (EIN): 943207296

Address (number, street, room or suite no.): 1 POST STREET

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: SAN FRANCISCO CA

ZIP code: 94104

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 12

Daytime telephone number (optional): 4159838622

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (√) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] Date: 5/30/04

Signature and title (if applicable)

**Susan Penway -- Director Taxation & Assistant Secretary**

Type or print your name below signature.

**Schedule 6 (Form 8849)**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| McKesson HBOC, Inc. | 94-3207296 | $ SEE ATTACHMENT |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 07/01/2001 Latest date ▶ 09/30/2001

**Claimant's registration number** for Section 4091(d) claims. ▶

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | SEE ATTACHMENT | $ SEE ATTACHMENT | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHMENT

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson HBOC, Inc. (the "taxpayer") claims refunds of Federal excise taxes paid under § 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period July 1, 2001 through September 30, 2001.

This claim is for taxes paid with respect to all long distance telephone service purchased from AT&T and MCI other than service to and from Mexico. The amount at issue for this quarter is $93,263.08.

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in § 4252(b)(1) is referred to below as "taxable long distance service."

During the taxable period July 1, 2001 through September 30, 2001, the taxpayer purchased the following types of long distance telephone service from AT&T pursuant to Contract Tariff No. 11519, AT&T's Business Service Guide, and AT&T's intrastate tariffs: Software Defined Network service (interstate, international, and intrastate outbound long distance service), domestic toll free service, international toll free service, international outbound calling service, and conference service. During the same taxable period, the taxpayer purchased the following types of long distance telephone service from MCI pursuant to an MCI Global Services Agreement, MCI's Service Publication and Price Guide, and MCI's intrastate tariffs: Interstate outbound long distance service, intrastate outbound long distance service, interstate inbound (toll free) service, intrastate inbound (toll free) long distance service, international outbound long distance service, international inbound (toll free) service, and conferencing service.

AT&T and MCI apparently believed that the long distance telephone service they sold to the taxpayer constituted taxable long distance service. Consequently, they collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, AT&T and MCI's charges for the service described above were, however, based solely on

the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges. On February 13, 2004, the United States District Court for the Northern District of Ohio ruled in the taxpayer's favor in a refund action that was identical in all material respects to the instant claim:

> On its face, that statute clearly requires that the charge vary in amount with both "distance and elapsed transmission time for each individual communication." As the Sixth Circuit recently noted, "'every word of a statute must be presumed to have been used for a purpose.'" Congress expressly chose to define "toll telephone service" in terms of variation in both distance and time. The Court finds that the plain language of this statute is clear and unambiguous: a charge must vary by both distance and time in order to constitute a "toll telephone service."

*OfficeMax, Inc. v. United States ("OfficeMax")*, No. 1:03CV961, 2004 U.S. Dist. LEXIS 3545, *24 (N.D. Ohio Feb. 13, 2004).

Thus, as determined by the *OfficeMax* court, the service did not constitute taxable long distance service under § 4251(a), § 4251(b)(1)(B), and § 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through AT&T and MCI on such service.

* * * * * * *

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from AT&T and MCI did not constitute WATS as defined in § 4252(b)(2). As held by the *OfficeMax* court:

> The terms of the service herein do not entitle plaintiff to "unlimited calls" within "a specified geographic area;" rather, plaintiff must pay for each and every call and may call (and receive calls from) any location where MCI provides service. Moreover, the charge at issue is not determined as a "flat amount" or "upon the basis of total elapsed transmission time." Instead, plaintiff is charged an agreed-upon rate that varies in amount depending on the duration of the individual call and the number of calls. Based on the above, the Court finds that the long-distance service at issue herein does not fall within the definition of "toll telephone service" set forth

in § 4252(b)(2).

*OfficeMax*, 2004 U.S. Dist. LEXIS 3545 at *65.

Similarly, the service purchased by the taxpayer from AT&T and MCI does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, AT&T and MCI provide the taxpayer with telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

| | |
|---|---|
| Name of claimant | MCKESSON HBOC INC |
| Employer identification number (EIN) | 943207296 |
| Address (number, street, room or suite no.) | 1 POST STREET |
| Social security number (SSN) | |
| City and state or province. If you have a foreign address, see page 2. | SAN FRANCISCO CA |
| ZIP code | 94104 |
| Month claimant's income tax year ends | 12 |
| Foreign country, if applicable. Do not abbreviate. | |
| Daytime telephone number (optional) | 4159838622 |

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (√) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] Signature and title (if applicable) — Date 5/30/04

**Susan Penway -- Director Taxation & Assistant Secretary**

Type or print your name below signature.

Schedule 6 (Form 8849)
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| McKesson HBOC, Inc. | 94-3207296 | $ SEE ATTACHMENT |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 10/01/2001 Latest date ▶ 12/31/2001

**Claimant's registration number** for Section 4091(d) claims. ▶

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | SEE ATTACHMENT | $ SEE ATTACHMENT | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHMENT

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use Form 720X, Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson HBOC, Inc. (the "taxpayer") claims refunds of Federal excise taxes paid under § 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period October 1, 2001 through December 31, 2001.

This claim is for taxes paid with respect to all long distance telephone service purchased from AT&T and MCI other than service to and from Mexico. The amount at issue for this quarter is $78,401.48.

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in § 4252(b)(1) is referred to below as "taxable long distance service."

During the taxable period October 1, 2001 through December 31, 2001, the taxpayer purchased the following types of long distance telephone service from AT&T pursuant to Contract Tariff No. 11519, AT&T's Business Service Guide, and AT&T's intrastate tariffs: Software Defined Network service (interstate, international, and intrastate outbound long distance service), domestic toll free service, international toll free service, international outbound calling service, and conference service. During the same taxable period, the taxpayer purchased the following types of long distance telephone service from MCI pursuant to an MCI Global Services Agreement, MCI's Service Publication and Price Guide, and MCI's intrastate tariffs: Interstate outbound long distance service, intrastate outbound long distance service, interstate inbound (toll free) service, intrastate inbound (toll free) long distance service, international outbound long distance service, international inbound (toll free) service, and conferencing service.

AT&T and MCI apparently believed that the long distance telephone service they sold to the taxpayer constituted taxable long distance service. Consequently, they collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, AT&T and MCI's charges for the service described above were, however, based solely on the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges. On February 13, 2004, the United States District Court for the Northern District of Ohio ruled in the taxpayer's favor in a refund action that was identical in all material respects to the instant claim:

> On its face, that statute clearly requires that the charge vary in amount with both "distance and elapsed transmission time for each individual communication." As the Sixth Circuit recently noted, "'every word of a statute must be presumed to have been used for a purpose.'" Congress expressly chose to define "toll telephone service" in terms of variation in both distance and time. The Court finds that the plain language of this statute is clear and unambiguous: a charge must vary by both distance and time in order to constitute a "toll telephone service."

*OfficeMax, Inc. v. United States ("OfficeMax")*, No. 1:03CV961, 2004 U.S. Dist. LEXIS 3545, *24 (N.D. Ohio Feb. 13, 2004).

Thus, as determined by the *OfficeMax* court, the service did not constitute taxable long distance service under § 4251(a), § 4251(b)(1)(B), and § 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through AT&T and MCI on such service.

* * * * * * *

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from AT&T and MCI did not constitute WATS as defined in § 4252(b)(2). As held by the *OfficeMax* court:

> The terms of the service herein do not entitle plaintiff to "unlimited calls" within "a specified geographic area;" rather, plaintiff must pay for each and every call and may call (and receive calls from) any location where MCI provides service. Moreover, the charge at issue is not determined as a "flat amount" or "upon the basis of total elapsed transmission time." Instead, plaintiff is charged an agreed-upon rate that varies in amount depending on the duration of the individual call and the number of calls.

> Based on the above, the Court finds that the long-distance service at issue herein does not fall within the definition of "toll telephone service" set forth in § 4252(b)(2).

*OfficeMax*, 2004 U.S. Dist. LEXIS 3545 at *65.

Similarly, the service purchased by the taxpayer from AT&T and MCI does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, AT&T and MCI provide the taxpayer with telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.

Form **2848**
(Rev. March 2004)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150
**For IRS Use Only**
Received by:
Name ____________
Telephone ____________
Function ____________
Date / /

**Part I** **Power of Attorney**
**Caution:** *Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| **McKesson Corporation<br>One Post Street<br>19th Floor<br>San Francisco, CA 94104** | | **94 : 3207296** |
| | Daytime telephone number<br>( **415** ) **983-8622** | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| **Bradley S. Waterman: 1301 K Street, NW<br>Suite 1040 - East Tower<br>Washington, D.C. 20005** | CAF No. **5005-00044R**<br>Telephone No. **202-682-1616**<br>Fax No. **202-682-2232**<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| **Stephen J. Rosen: 2001 L Street, NW<br>Suite 900<br>Washington, D.C. 20036** | CAF No. **0100-23247R**<br>Telephone No. **202-857-2570**<br>Fax No. **202-223-0833**<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| | CAF No. ............<br>Telephone No. ............<br>Fax No. ............<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (see the instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) (see the instructions for line 3) |
|---|---|---|
| **Excise** | **Form 8849** | **0201 - 0112** |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for **Line 4. Specific uses not recorded on CAF.** . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ............

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH**, refund checks, initial here ____________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.

a If you also want the second representative listed to receive a copy of notices and communications, check this box . . ▶ ☐

b If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here. . . . . . . . . . . . . ▶ ☒

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, **both** husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

S Penway (signature) — Signature | 4/25/05 — Date | Asst Secy — Title (if applicable)

**Susan Penway** — Print Name | ☐☐☐☐☐ PIN Number | **McKesson Corporation** — Print name of taxpayer from line 1 if other than individual

Signature | Date | Title (if applicable)

Print Name | ☐☐☐☐☐ PIN Number

## Part II Declaration of Representative

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

**a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
**b** Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
**c** Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
**d** Officer—a bona fide officer of the taxpayer's organization.
**e** Full-Time Employee—a full-time employee of the taxpayer.
**f** Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
**g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).
**h** Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter **(a–h)** | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | D.C. | [signature] | 4-21-05 |
| a | D.C. | [signature] | 4/21/05 |
| | | | |

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: MCKESSON CORPORATION

Employer identification number (EIN): 943207296

Address (number, street, room or suite no.): ONE POST STREET 19TH FLOOR

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: SAN FRANCISCO CA

ZIP code: 94104

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 03

Daytime telephone number (optional): 4159838622

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (√) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] Signature and title (if applicable) — 7/25/05 Date

**Susan Penway - Director, Taxation and Assistant Secretary**

Type or print your name below signature.

**Schedule 6 (Form 8849)**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1-5) |
|---|---|---|
| **McKesson Corporation** | **94-3207296** | $ **SEE ATTACHMENT** |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ **01/01/2002** Latest date ▶ **03/31/2002**

**Claimant's registration number** for Section 4091(d) claims. ▶ ______

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | **SEE ATTACHMENT** | $ **SEE ATTACHMENT** | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

**SEE ATTACHMENT**

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1-5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson Corporation (the "taxpayer") claims refunds of Federal excise taxes paid under § 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period January 1through March 31, 2002.

This claim is for taxes paid with respect to all long distance telephone service purchased from AT&T and MCI other than service to and from Mexico. The amount at issue for this quarter is $50,288.99.

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in § 4252(b)(1) is referred to below as "taxable long distance service."

During this taxable period the taxpayer purchased the following types of long distance telephone service from AT&T pursuant to Contract Tariff No. 11519, AT&T's Business Service Guide, and AT&T's intrastate tariffs: Software Defined Network service (interstate, international, and intrastate outbound long distance service), domestic toll free service, international toll free service, international outbound calling service, and conference service. During the same taxable period, the taxpayer purchased the following types of long distance telephone service from MCI pursuant to an MCI Global Services Agreement, MCI's Service Publication and Price Guide, and MCI's intrastate tariffs: Interstate outbound long distance service, intrastate outbound long distance service, interstate inbound (toll free) service, intrastate inbound (toll free) long distance service, international outbound long distance service, international inbound (toll free) service, and conferencing service.

AT&T and MCI apparently believed that the long distance telephone service they sold to the taxpayer constituted taxable long distance service. Consequently, they collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, AT&T and MCI's charges for the service described above were, however, based solely on the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges. Since February 2004, four United States District Courts and the Court of Claims have ruled in the taxpayer's favor in refund actions that were identical in all material respects to the instant claim:

> On its face, that statute clearly requires that the charge vary in amount with both "distance and elapsed transmission time for each individual communication." As the Sixth Circuit recently noted, "'every word of a statute must be presumed to have been used for a purpose.'" Congress expressly chose to define "toll telephone service" in terms of variation in both distance and time. The Court finds that the plain language of this statute is clear and unambiguous: a charge must vary by both distance and time in order to constitute a "toll telephone service."

*OfficeMax, Inc. v. United States ("OfficeMax")*, 309 F. Supp. 2d 984, 993 (N.D. Ohio 2004). *See also Fortis, Inc. v. United States*, No. 03 Civ. 5137, slip op. at 24-25 (S.D.N.Y. Sept. 16, 2004); *National R.R. Passenger Corp. v. United States*, Civil Action No. 03-431, slip op. at 8-9 (D.D.C. Sept. 20, 2004) ("*Amtrak*"); *Reese Brothers Inc. v. United States*, Civil Action No. 03-745, Magistrate's Recommendation at 17-18 (W.D. Pa. Magistrate's Recommendation Oct. 20, 2004, Judge's Adoption Thereof Nov. 30, 2004); *Honeywell International, Inc. v. United States*, No. 03 1915-T, slip op. at 13-14 (Fed. Cl. Feb. 16, 2005).

Thus, as determined by these courts, the service did not constitute taxable long distance service under § 4251(a), § 4251(b)(1)(B), and § 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through AT&T and MCI on such service.

* * * * * * *

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from AT&T and MCI did not constitute WATS as defined in § 4252(b)(2). As held by the *OfficeMax* court:

> The terms of the service herein do not entitle plaintiff to "unlimited calls"

> within "a specified geographic area;" rather, plaintiff must pay for each and every call and may call (and receive calls from) any location where MCI provides service. Moreover, the charge at issue is not determined as a "flat amount" or "upon the basis of total elapsed transmission time." Instead, plaintiff is charged an agreed-upon rate that varies in amount depending on the duration of the individual call and the number of calls. Based on the above, the Court finds that the long-distance service at issue herein does not fall within the definition of "toll telephone service" set forth in § 4252(b)(2).

*OfficeMax*, 309 F. Supp. 2d at 1006-07. *See also Fortis*, slip op. at 35-38; *Amtrak*, slip op. at 10-13; *Reese,* Magistrate's Recommendation at 34-35, *Honeywell,* slip op. at 17-18.

Similarly, the service purchased by the taxpayer from AT&T and MCI does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, AT&T and MCI provide the taxpayer with telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: MCKESSON CORPORATION

Employer identification number (EIN): 943207296

Address (number, street, room or suite no.): ONE POST STREET 19TH FLOOR

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: SAN FRANCISCO CA

ZIP code: 94104

Month claimant's income tax year ends: 03

Foreign country, if applicable. Do not abbreviate.:

Daytime telephone number (optional): 4159838622

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] 4/25/05

Signature and title (if applicable) — Date

**Susan Penway - Director, Taxation and Assistant Secretary**

Type or print your name below signature.

| Schedule 6 (Form 8849) (Rev. January 2003) | Department of the Treasury—Internal Revenue Service **Other Claims** ▶ Attach to Form 8849. | OMB No. 1545-1420 |
|---|---|---|

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| McKesson Corporation | 94-3207296 | $ SEE ATTACHMENT |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 04/01/2002 Latest date ▶ 06/30/2002

**Claimant's registration number** for Section 4091(d) claims. ▶ ____________

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | SEE ATTACHMENT | $ SEE ATTACHMENT | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHMENT

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use **Form 720X,** Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson Corporation (the "taxpayer") claims refunds of Federal excise taxes paid under § 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period April 1 through June 30, 2002.

This claim is for taxes paid with respect to all long distance telephone service purchased from AT&T and MCI other than service to and from Mexico. The amount at issue for this quarter is $60,213.67.

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in § 4252(b)(1) is referred to below as "taxable long distance service."

During this taxable period the taxpayer purchased the following types of long distance telephone service from AT&T pursuant to Contract Tariff No. 11519, AT&T's Business Service Guide, and AT&T's intrastate tariffs: Software Defined Network service (interstate, international, and intrastate outbound long distance service), domestic toll free service, international toll free service, international outbound calling service, and conference service. During the same taxable period, the taxpayer purchased the following types of long distance telephone service from MCI pursuant to an MCI Global Services Agreement, MCI's Service Publication and Price Guide, and MCI's intrastate tariffs: Interstate outbound long distance service, intrastate outbound long distance service, interstate inbound (toll free) service, intrastate inbound (toll free) long distance service, international outbound long distance service, international inbound (toll free) service, and conferencing service.

AT&T and MCI apparently believed that the long distance telephone service they sold to the taxpayer constituted taxable long distance service. Consequently, they collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, AT&T and MCI's charges for the service described above were, however, based solely on the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges. Since February 2004, four United States District Courts and the Court of Claims have ruled in the taxpayer's favor in refund actions that were identical in all material respects to the instant claim:

> On its face, that statute clearly requires that the charge vary in amount with both "distance and elapsed transmission time for each individual communication." As the Sixth Circuit recently noted, "'every word of a statute must be presumed to have been used for a purpose.'" Congress expressly chose to define "toll telephone service" in terms of variation in both distance and time. The Court finds that the plain language of this statute is clear and unambiguous: a charge must vary by both distance and time in order to constitute a "toll telephone service."

*OfficeMax, Inc. v. United States ("OfficeMax")*, 309 F. Supp. 2d 984, 993 (N.D. Ohio 2004). *See also Fortis, Inc. v. United States,* No. 03 Civ. 5137, slip op. at 24-25 (S.D.N.Y. Sept. 16, 2004); *National R.R. Passenger Corp. v. United States*, Civil Action No. 03-431, slip op. at 8-9 (D.D.C. Sept. 20, 2004) ("*Amtrak*"); *Reese Brothers Inc. v. United States*, Civil Action No. 03-745, Magistrate's Recommendation at 17-18 (W.D. Pa. Magistrate's Recommendation Oct. 20, 2004, Judge's Adoption Thereof Nov. 30, 2004); *Honeywell International, Inc. v. United States*, No. 03 1915-T, slip op. at 13-14 (Fed. Cl. Feb. 16, 2005).

Thus, as determined by these courts, the service did not constitute taxable long distance service under § 4251(a), § 4251(b)(1)(B), and § 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through AT&T and MCI on such service.

* * * * * * *

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from AT&T and MCI did not constitute WATS as defined in § 4252(b)(2). As held by the *OfficeMax* court:

> The terms of the service herein do not entitle plaintiff to "unlimited calls"

> within "a specified geographic area;" rather, plaintiff must pay for each and every call and may call (and receive calls from) any location where MCI provides service. Moreover, the charge at issue is not determined as a "flat amount" or "upon the basis of total elapsed transmission time." Instead, plaintiff is charged an agreed-upon rate that varies in amount depending on the duration of the individual call and the number of calls. Based on the above, the Court finds that the long-distance service at issue herein does not fall within the definition of "toll telephone service" set forth in § 4252(b)(2).

*OfficeMax*, 309 F. Supp. 2d at 1006-07. *See also Fortis*, slip op. at 35-38; *Amtrak*, slip op. at 10-13; *Reese,* Magistrate's Recommendation at 34-35, *Honeywell,* slip op. at 17-18.

Similarly, the service purchased by the taxpayer from AT&T and MCI does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, AT&T and MCI provide the taxpayer with telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: MCKESSON CORPORATION

Employer identification number (EIN): 943207296

Address (number, street, room or suite no.): ONE POST STREET 19TH FLOOR

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: SAN FRANCISCO CA

ZIP code: 94104

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 03

Daytime telephone number (optional): 4159838622

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (√) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] 7/25/05

Signature and title (if applicable) — Date

**Susan Penway - Director, Taxation and Assistant Secretary**

Type or print your name below signature.

**Schedule 6 (Form 8849)**
(Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

▶ Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| McKesson Corporation | 94-3207296 | $ SEE ATTACHMENT |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ▶ 07/01/2002 Latest date ▶ 09/30/2002

**Claimant's registration number** for Section 4091(d) claims. ▶ ______

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | SEE ATTACHMENT | $ SEE ATTACHMENT | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHMENT

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson Corporation (the "taxpayer") claims refunds of Federal excise taxes paid under § 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period July 1 through September 30, 2002.

This claim is for taxes paid with respect to all long distance telephone service purchased from AT&T and MCI other than service to and from Mexico. The amount at issue for this quarter is $55,891.41.

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in § 4252(b)(1) is referred to below as "taxable long distance service."

During this taxable period the taxpayer purchased the following types of long distance telephone service from AT&T pursuant to Contract Tariff No. 11519, AT&T's Business Service Guide, and AT&T's intrastate tariffs: Software Defined Network service (interstate, international, and intrastate outbound long distance service), domestic toll free service, international toll free service, international outbound calling service, and conference service. During the same taxable period, the taxpayer purchased the following types of long distance telephone service from MCI pursuant to an MCI Global Services Agreement, MCI's Service Publication and Price Guide, and MCI's intrastate tariffs: Interstate outbound long distance service, intrastate outbound long distance service, interstate inbound (toll free) service, intrastate inbound (toll free) long distance service, international outbound long distance service, international inbound (toll free) service, and conferencing service.

AT&T and MCI apparently believed that the long distance telephone service they sold to the taxpayer constituted taxable long distance service. Consequently, they collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, AT&T and MCI's charges for the service described above were, however, based solely on the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges. Since February 2004, four United States District Courts and the Court of Claims have ruled in the taxpayer's favor in refund actions that were identical in all material respects to the instant claim:

> On its face, that statute clearly requires that the charge vary in amount with both "distance and elapsed transmission time for each individual communication." As the Sixth Circuit recently noted, "'every word of a statute must be presumed to have been used for a purpose.'" Congress expressly chose to define "toll telephone service" in terms of variation in both distance and time. The Court finds that the plain language of this statute is clear and unambiguous: a charge must vary by both distance and time in order to constitute a "toll telephone service."

*OfficeMax, Inc. v. United States ("OfficeMax")*, 309 F. Supp. 2d 984, 993 (N.D. Ohio 2004). *See also Fortis, Inc. v. United States,* No. 03 Civ. 5137, slip op. at 24-25 (S.D.N.Y. Sept. 16, 2004); *National R.R. Passenger Corp. v. United States*, Civil Action No. 03-431, slip op. at 8-9 (D.D.C. Sept. 20, 2004) ("*Amtrak*"); *Reese Brothers Inc. v. United States*, Civil Action No. 03-745, Magistrate's Recommendation at 17-18 (W.D. Pa. Magistrate's Recommendation Oct. 20, 2004, Judge's Adoption Thereof Nov. 30, 2004); *Honeywell International, Inc. v. United States*, No. 03 1915-T, slip op. at 13-14 (Fed. Cl. Feb. 16, 2005).

Thus, as determined by these courts, the service did not constitute taxable long distance service under § 4251(a), § 4251(b)(1)(B), and § 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through AT&T and MCI on such service.

* * * * * * *

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from AT&T and MCI did not constitute WATS as defined in § 4252(b)(2). As held by the *OfficeMax* court:

> The terms of the service herein do not entitle plaintiff to "unlimited calls"

> within "a specified geographic area;" rather, plaintiff must pay for each and every call and may call (and receive calls from) any location where MCI provides service. Moreover, the charge at issue is not determined as a "flat amount" or "upon the basis of total elapsed transmission time." Instead, plaintiff is charged an agreed-upon rate that varies in amount depending on the duration of the individual call and the number of calls. Based on the above, the Court finds that the long-distance service at issue herein does not fall within the definition of "toll telephone service" set forth in § 4252(b)(2).

*OfficeMax*, 309 F. Supp. 2d at 1006-07. *See also Fortis*, slip op. at 35-38; *Amtrak*, slip op. at 10-13; *Reese,* Magistrate's Recommendation at 34-35, *Honeywell,* slip op. at 17-18.

Similarly, the service purchased by the taxpayer from AT&T and MCI does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, AT&T and MCI provide the taxpayer with telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: M C K E S S O N   C O R P O R A T I O N

Employer identification number (EIN): 9 4 3 2 0 7 2 9 6

Address (number, street, room or suite no.): O N E   P O S T   S T R E E T   1 9 T H   F L O O R

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: S A N   F R A N C I S C O   C A

ZIP code: 9 4 1 0 4

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends: 0 3

Daytime telephone number (optional): 4 1 5 9 8 3 8 6 2 2

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] 7/25/05

Signature and title (if applicable) Date

**Susan Penway - Director, Taxation and Assistant Secretary**

Type or print your name below signature.

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.** Cat. No. 20027J Form **8849** (Rev. 1-2003)

**Schedule 6 (Form 8849)** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

► Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| **McKesson Corporation** | **94-3207296** | $ **SEE ATTACHMENT** |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ► **10/01/2002** Latest date ► **12/31/2002**

**Claimant's registration number** for Section 4091(d) claims. ► ____________

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | **SEE ATTACHMENT** | $ **SEE ATTACHMENT** | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

**SEE ATTACHMENT**

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* ***Form 720X,*** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

McKesson Corporation (the "taxpayer") claims refunds of Federal excise taxes paid under § 4251 of the Internal Revenue Code with respect to certain long distance telephone service. The taxes were reported on Forms 720 filed by the provider from which the taxpayer purchased long distance telephone service, for the taxable period October 1 through December 31, 2002.

This claim is for taxes paid with respect to all long distance telephone service purchased from AT&T and MCI other than service to and from Mexico. The amount at issue for this quarter is $50,992.04.

Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

Section 4251(b)(1)(B) provides that the term "communications services" means "toll telephone service."

Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States."

The service described in § 4252(b)(1) is referred to below as "taxable long distance service."

During this taxable period the taxpayer purchased the following types of long distance telephone service from AT&T pursuant to Contract Tariff No. 11519, AT&T's Business Service Guide, and AT&T's intrastate tariffs: Software Defined Network service (interstate, international, and intrastate outbound long distance service), domestic toll free service, international toll free service, international outbound calling service, and conference service. During the same taxable period, the taxpayer purchased the following types of long distance telephone service from MCI pursuant to an MCI Global Services Agreement, MCI's Service Publication and Price Guide, and MCI's intrastate tariffs: Interstate outbound long distance service, intrastate outbound long distance service, interstate inbound (toll free) service, intrastate inbound (toll free) long distance service, international outbound long distance service, international inbound (toll free) service, and conferencing service.

AT&T and MCI apparently believed that the long distance telephone service they sold to the taxpayer constituted taxable long distance service. Consequently, they collected Federal excise taxes from the taxpayer, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

With the exception of calls made to and from Mexico, however, AT&T and MCI's charges for the service described above were, however, based solely on the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges. Since February 2004, four United States District Courts and the Court of Claims have ruled in the taxpayer's favor in refund actions that were identical in all material respects to the instant claim:

> On its face, that statute clearly requires that the charge vary in amount with both "distance and elapsed transmission time for each individual communication." As the Sixth Circuit recently noted, "'every word of a statute must be presumed to have been used for a purpose.'" Congress expressly chose to define "toll telephone service" in terms of variation in both distance and time. The Court finds that the plain language of this statute is clear and unambiguous: a charge must vary by both distance and time in order to constitute a "toll telephone service."

*OfficeMax, Inc. v. United States ("OfficeMax")*, 309 F. Supp. 2d 984, 993 (N.D. Ohio 2004). *See also Fortis, Inc. v. United States,* No. 03 Civ. 5137, slip op. at 24-25 (S.D.N.Y. Sept. 16, 2004); *National R.R. Passenger Corp. v. United States*, Civil Action No. 03-431, slip op. at 8-9 (D.D.C. Sept. 20, 2004) ("*Amtrak*"); *Reese Brothers Inc. v. United States*, Civil Action No. 03-745, Magistrate's Recommendation at 17-18 (W.D. Pa. Magistrate's Recommendation Oct. 20, 2004, Judge's Adoption Thereof Nov. 30, 2004); *Honeywell International, Inc. v. United States*, No. 03 1915-T, slip op. at 13-14 (Fed. Cl. Feb. 16, 2005).

Thus, as determined by these courts, the service did not constitute taxable long distance service under § 4251(a), § 4251(b)(1)(B), and § 4252(b)(1), and the taxpayer is entitled to a refund of all taxes paid through AT&T and MCI on such service.

* * * * * * *

Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. Such service is defined as "service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located."

The service purchased by the taxpayer from AT&T and MCI did not constitute WATS as defined in § 4252(b)(2). As held by the *OfficeMax* court:

> The terms of the service herein do not entitle plaintiff to "unlimited calls"

> within "a specified geographic area;" rather, plaintiff must pay for each and every call and may call (and receive calls from) any location where MCI provides service. Moreover, the charge at issue is not determined as a "flat amount" or "upon the basis of total elapsed transmission time." Instead, plaintiff is charged an agreed-upon rate that varies in amount depending on the duration of the individual call and the number of calls. Based on the above, the Court finds that the long-distance service at issue herein does not fall within the definition of "toll telephone service" set forth in § 4252(b)(2).

*OfficeMax*, 309 F. Supp. 2d at 1006-07. *See also Fortis*, slip op. at 35-38; *Amtrak*, slip op. at 10-13; *Reese,* Magistrate's Recommendation at 34-35, *Honeywell,* slip op. at 17-18.

Similarly, the service purchased by the taxpayer from AT&T and MCI does not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge is made based on a flat fee or elapsed transmission time. Instead, AT&T and MCI provide the taxpayer with telephone service to any location in the United States for which the taxpayer is charged an amount that varies based upon the time of each individual call.