IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1180 T
(JUDGE SWEENEY)

McKESSON CORPORATION,

Plaintiff

v.

THE UNITED STATES,

Defendant

# JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraphs 4 and 5 of RCFC Appendix A, the parties submit the following information:

## a. JURISDICTION

Plaintiff's Statement

Plaintiff asserts that the Court has jurisdiction over this suit pursuant to 28 U.S.C. §§ 1346(a)(1) and 1491(a)(1).

Defendant's Statement

Defendant avers that jurisdiction, if it exists in this case, would be conferred by 28 U.S.C. § 1491. At this juncture, however, defendant cannot determine whether plaintiff has satisfied all jurisdictional prerequisites in this action. The specific jurisdictional questions are whether the excise tax amounts claimed by plaintiff were actually paid and, if so, whether any other party has obtained a refund of any of the taxes paid.

b. CONSOLIDATION

The parties do not believe that this case should be consolidated with any other case before the Court of Federal Claims at this time.

c. BIFURCATION OF TRIAL

In the event of a trial in this case, the parties believe that separate trials on the questions of liability and damages are unnecessary, and all evidence necessary to resolve both questions should be presented together. We would ask the Court initially to determine the question of liability only, and afterwards, depending upon the Court's ruling on the merits of the dispute, permit the parties a reasonable period to perform and agree upon any necessary recomputation of the tax and interest due, so that the parties can submit a stipulation as to the amount of any judgment. This will avoid devoting unnecessary attention to computations at trial.

d. DEFERRAL OF PROCEEDINGS

There are two cases pending before the Court of Appeals for the Federal Circuit, America Online, Inc. v. United States, Fed. Cir. No. 05-5138, and Honeywell, Int'l. v. United States, Fed. Cir. No. 05-5145, which appear to concern the same substantive issues involved here. At this juncture, however, the parties believe that it is sensible to continue with proceedings in this case while those cases are on appeal. The parties know of no basis for transferring this case to another tribunal.

e. REMAND OR SUSPENSION

Not applicable.

f. ADDITIONAL PARTIES

Plaintiff intends to file a First Amended Complaint in this matter on or before October 30, 2006, seeking refunds of: (1) taxes paid by McKesson Corp. during 2002-2005; and (2) taxes paid by two of McKesson's subsidiaries (McKesson Health Solutions, Inc. and McKesson Information Solution, LLC ) during 1999-2003. The reason for the plaintiff’s proposed delay in filing the First Amended Complaint is that plaintiff intends to file additional refund claims with the IRS for the aforementioned taxes for McKesson Corp. its subsidiaries on or before April 30, 2006, and the Court will not have jurisdiction over these claims for 6 months, or until on or before October 30, 2006. The parties intend to largely complete the discovery process prior to the filing of the First Amended Complaint.

The parties do not know of any other additional parties to be joined.

g. DISPOSITIVE MOTIONS

In the event that there are no jurisdictional issues, it appears that this case may be susceptible to resolution by summary judgment.

h. ISSUES

The fundamental issue in a tax refund suit is whether the taxpayer can establish that it has overpaid its taxes for the years in suit. See Lewis v. Reynolds, 284 U.S. 281 (1932); Dysart v. United States, 169 Ct. Cl. 276, 340 F.2d 624 (1965). The specific substantive issue raised in this refund suit is whether the amounts allegedly paid by plaintiff for certain communications services are subject to the communications excise tax imposed by I.R.C. § 4251.

i. SETTLEMENT

At this juncture, defendant does not believe that this case is susceptible to settlement or ADR because a judicial determination of the issues involved here is important for the purposes of tax administration.

j. TRIAL

At this juncture, the parties believe that the substantive issues in this case may be susceptible to resolution by summary judgment so that a trial will not be necessary.

k. ELECTRONIC CASE MANAGEMENT

At this juncture, the parties are not aware of any special issues regarding electronic case management needs.

l. OTHER INFORMATION

At this time, the parties are not aware of any other information of which the court should be aware at this time.

PROPOSED DISCOVERY PLAN

The parties request an initial period for discovery of 180 days from the date the Court enters a discovery order in this case, after which the parties will file a status report to advise the Court of the progress of discovery. At this point, the parties have not determined whether expert

witness testimony will be required in this case.

Respectfully submitted,

March 3, 2006
Date

s/David U. Fierst
DAVID U. FIERST
Stein, Mitchell & Mezines
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036

Henry D. Levine and Stephen J. Rosen
Levine, Blaszak, Block and Boothby, LLP
2001 L Street, NW, Suite 900
Washington, DC 20036

Bradley S. Waterman
Suite 1040-East Tower
1301 K Street, NW
Washington, DC 20005

Attorneys for Plaintiffs

March 3, 2006
Date

s/G. Robson Stewart
G. ROBSON STEWART
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6493

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

March 3, 2006
Date

s/Steven I. Frahm
Of Counsel

Attorneys for Defendant