IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1180 T
(JUDGE SWEENEY)

McKESSON CORPORATION,

Plaintiff

v.

THE UNITED STATES

Defendant.

JOINT STATUS REPORT

The Parties file the following status report in order to inform the Court of a number of developments in this case and request that McKesson's deadline for filing a First Amended Complaint (currently November 30, 2006) be extended until January 30, 2007.

As noted in their joint status report of September 19, 2006, based on IRS Notice 2006-50, 2006-25 I.R.B. 1141 (issued May 25, 2006), the Parties generally agree that taxes remitted on long distance service and certain wireless services are refundable, provided the taxpayer had filed timely refund claims with the IRS. The Parties therefore believe that liability for a refund is not an issue in this case and once they are able to agree on the amount of tax remitted on non-taxable services, they will be able to reach agreement on a stipulated judgment.

Against that background, a Revenue Agent is currently working with counsel for the Government and reviewing the substantiation provided by McKesson for the refund

claims encompassed in McKesson's Complaint. These refund claims were filed by McKesson Corporation (EIN 94-3207296) for the taxable quarters ended December 31, 1999 through December 31, 2002. Counsel believe that they can agree to quarterly refunds for this taxpayer for these taxable quarters and incorporate these amounts into a stipulated judgment by the end of the year.

Had the Parties abided by their original plan, McKesson would have filed a First Amended Complaint on or before November 30, 2006. This First Amended Complaint would have added refund claims for McKesson's subsidiaries (various EINs) for 2000-2003 and for McKesson Corporation for 2003-2005.

In the interim, however, the IRS has instituted a policy of reviewing and paying all pending refund claims with some degree of dispatch. Therefore, the Parties believe that it would be more efficient to assign the claims that would have been subject to the First Amended Complaint to a Revenue Agent. The Revenue Agent, working with counsel for McKesson, could develop an agreed upon set of refund amounts for these entities and taxable quarters. Counsel believe that this process could also be completed by year's end.

In the unlikely event this settlement process breaks down, McKesson can still file a First Amended Complaint. Given the likelihood of settlement and in the interest of conserving judicial resources, however, the Parties respectfully request that the deadline for filing such a pleading be extended by 60 days.

Respectfully submitted,

s/ David U. Fierst
Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
202-737-7777

Nov. 9, 2006
Date

Counsel for McKesson Corp.

s/ G. Robson Stewart
G. Robson Stewart
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
555 4th St., N.W., Room 8118
Washington, DC 20001
202-307-6493

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief
Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

Nov. 9, 2006
Date

Counsel for the United States